UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

GUY EDGAR COLLINS and                         Case No.: 6:04-bk-13349-KSJ
CAROLYN JANETTE COLLINS,

    Debtors.
_____/

CAROLYN COLLINS,

    Plaintiff/Class Representative,

                                            Adv. No.: 6:05-ap-00345-KSJ

v.

DAIMLERCHRYSLER CORPORATION,
a foreign corporation,

    Defendant.
_____/


**MEMORANDUM OPINION GRANTING (I) TRUSTEE'S MOTION FOR APPROVAL AND NOTICE OF COMPROMISE AND SETTLEMENT; (II) DAIMLERCHRYSLER CORPORATION'S MOTION TO STRIKE OBJECTIONS TO TRUSTEE'S MOTION FOR APPROVAL AND NOTICE OF COMPROMISE; (III) DAIMLERCHRYSLER CORPORATION'S MOTION TO STRIKE DEBTOR'S MOTION TO REMAND; AND (IV) DENYING <u>DEBTOR/PLAINTIFF'S MOTION FOR REMAND</u>**

This case came on for hearing on March 23, 2006, to consider the Motion for Approval and Notice of Compromise and Settlement of Controversy Between Trustee and DaimlerChrysler Corporation (Doc. No. 34; the "Motion for Approval of Compromise"), Jon Momberger's Objection to the Motion for Approval of Compromise (Doc. No. 37; the "Momberger Objection"), DaimlerChrysler Corporation's Motion to Strike the Momberger Objection (Doc. No. 41; the "Motion to Strike Objection"), the

{O1013561;3}

Debtor/Plaintiff's Amended Motion for Remand (Adv. Doc. No. 10; the "Motion for Remand") in related Adversary Proceeding number 6:05-ap-00345-KSJ (the "Civil Action "), and DaimlerChrysler Corporation's Motion to Strike the Motion for Remand (Adv. Doc. No. 16; the "Motion to Strike Remand").  After considering the positions of the parties filing the various motions and hearing argument, the Court orders as follows: the Trustee's Motion for Approval of Compromise is granted; DaimlerChrysler Corporation's Motion to Strike Objection is granted; and DaimlerChrysler Corporation's Motion to Strike Remand is granted.  The Court finds that it has jurisdiction over the Civil Action and that the settlement entered into by the Trustee with DaimlerChrysler Corporation in the Civil Action is fair and reasonable and in the best interest of the estate, and, accordingly, the Civil Action should be dismissed with prejudice as to Carolyn Collins and without prejudice as to the putative class members.

On December 14, 2004 (the "Petition Date"), Guy Edgar Collins and Carolyn Janette Collins (collectively, the "Debtors") jointly filed this Chapter 7 case.  On the Petition Date, Carolyn Janette Collins ("Ms. Collins") was the sole plaintiff in a lawsuit against DaimlerChrysler Corporation ("DCC") filed on July 11, 2002 in the Circuit Court of the Ninth Judicial Circuit, In and For Orange County, Florida (the "State Trial Court"), styled as *Carolyn Collins v. DaimlerChrysler Corporation*, Case No. 02CA-6634-0 (the "Civil Action").

In the Civil Action, Ms. Collins alleges that DCC is liable to her because it manufactured, marketed, and sold motor vehicles equipped with allegedly defective "GEN3" seat belt buckles. (Second Amended Complaint ("Comp.") ¶ 3)  In her Second

Amended Complaint, Ms. Collins alleges that DCC violated the Florida Deceptive and Unfair Trade Practices Act, and she seeks to represent a putative class of owners of vehicles equipped with the allegedly defective "GEN3" seat belt buckles. The class is defined to include:

> All persons in the State of Florida who own or lease model year 1993-present Chrysler minivans of 1997-98 Dodge Dakotas or Dodge Durangos equipped with GEN3 seatbelt buckles; and all non-residents of Florida who own or lease model year 1993-present Chrysler minivans or 1997-98 Dodge Dakotas or Dodge Durangos equipped with GEN3 seatbelt buckles, which were purchased or leased in Florida by such non-residents.

(Comp. ¶ 21(a)).

There has been substantial activity in the Civil Action. In October of 2003, the Second Amended Complaint was dismissed for failure to state a claim, which dismissal Ms. Collins appealed to Florida's Fifth District Court of Appeal (the "Fifth DCA"). The Fifth DCA reversed the trial court's dismissal. Thereafter, DCC appealed the Fifth DCA's reversal to the Florida Supreme Court, which declined to accept jurisdiction. Subsequently, the Civil Action returned to the State Trial Court where it was proceeding on the Petition Date. Significantly, the class in the Civil Action has never been certified pursuant to Florida Rule of Civil Procedure 1.220, and Ms. Collins is the only named plaintiff in the Civil Action. As of the hearing on the Motion for Approval of Compromise, no putative class member moved to intervene in the Civil Action.

Although the Civil Action was pending on the Petition Date, Ms. Collins did not disclose the Civil Action or the claims made therein on the bankruptcy schedules the Debtors filed in this Court. Gene T. Chambers, the Chapter 7 Trustee (the "Trustee"),

administered the Debtors' Chapter 7 bankruptcy estate without knowledge of the pending Civil Action. On March 30, 2005, the Debtors received a discharge.

Thereafter, the Trustee was advised of the pendency of the Civil Action. Initially, on December 14, 2005, the Trustee filed a notice (Doc. No. 22) indicating her intent to abandon of the Civil Action on the bases that there is no equity in the Civil Action for the benefit of the Debtors' bankruptcy estate and that further administration of the Civil Action would be burdensome to the estate.

On December 21, 2005, DCC filed its Notice of Removal, thereby removing the Civil Action to this Court and initiating the adversary proceeding.

**Motion for Approval of Compromise**

After removal of the Civil Action, the Trustee reached a compromise with DCC regarding claims made in the Civil Action. Based on this, the Trustee withdrew her Notice of Abandonment and filed the current Motion for Approval of Compromise. The terms of the compromise contemplate that DCC will pay to the Trustee $5,000 for the benefit of the Debtors' estate in exchange for the assignment of the claims made in the Civil Action.

Neither Ms. Collins, nor any creditor of the estate, has filed an objection to the Motion for Approval of Compromise. The only objection filed is one by Jon Momberger who claims to be a member of the uncertified class in the Civil Action. Momberger objects to the compromise to the extent that the compromise "is intended to destroy and will reasonably interfere with Momberger's and the other absent class members' interests

and civil claims" at issue in the Civil Action. (Momberger Objection, pg. 1). DCC has moved to strike the Momberger Objection arguing he has no standing.

Momberger is not a creditor, and otherwise has no interest, in the Debtors' bankruptcy case. He is not a party to the Civil Action. He has no connection with Ms. Collins other than the fact that he claims to hold a claim similar to that made by Ms. Collins against DCC based on his alleged ownership of a vehicle having "GEN3" seat belt buckles. However, this alleged connection does not give Momberger standing in these proceedings, and therefore he lacks standing to object to the compromise between the Trustee and DCC.

Momberger's lack of standing to object to the compromise is also supported by the fact that no order certifying a class has been entered in the Civil Action. Pursuant to Federal Rule of Civil Procedure 23, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7023, in order for an action to be maintained as a class action, the class action must be certified. FED.R.BANKR.P. 7023(a). See Gibson v. Chrysler Corp., 261 F.3d 927, 937 (9th Cir. 2001) ("A class action complaint is filed only by a named plaintiff or plaintiffs. Although such an action is often referred to as a class action when it is filed, it is, at the time of filing, only a would-be class action. It does not become a class action until certified."); see also Baxter v. Palmigiano, 425 U.S. 308, 310 fn.1 (1976) (in case in which class allegations were pleaded in complaint, court indicated: "The District Court treated the suit as a class action, but did not certify the action as a class action. … Without such certification and identification of the class, the action is not properly a class action"); Coates v. Illinois State Bd. of Education, 559 F.2d 445, 451

fn.14 (7th Cir. 1977) ("The complaint contained class allegations but the district did not certify any class. The action is therefore brought by the named plaintiffs only"); <u>Brooks v. Wainwright</u>, 439 F.Supp. 1335, 1337 fn. 1, 2 (M.D. Fla. 1977) (although plaintiff had already filed motion for class certification, court indicated that "[b]ecause the Court has never certified this case under FED.R.CIV.P. 23(a), it is not a class action").

Pursuant to Federal Rule of Bankruptcy Procedure 7023(e)(4)(A), absent class members may object to a proposed settlement, compromise, or dismissal of a case filed as a class action *only if the court has actually certified a class*. FED.R.BANKR.P. 7023(e)(4)(A). Conversely, prior to certification, an individual plaintiff who makes class allegations in her complaint may compromise and settle such a lawsuit without any approval from the court or notice to any class member. See FED.R.BANKR.P. 7023(e)(1)(A) (indicating a court need approve the settlement, dismissal or compromise of claims only if there is a "certified class").

Therefore, because the class has not been certified, Momberger, as an absent class member, has no standing to object to a proposed settlement, compromise, or dismissal of the Civil Action.[1]  The Court notes that Momberger's claims will not be affected by either an assignment of the individual or class claims made in the civil case, or by an ultimate dismissal of those claims. Momberger, along with all other similarly-situated

---

[1] Similarly, Florida Rule of Civil Procedure 1.220(e) provides that "after a claim or defense is determined to be maintainable on behalf of a class, . . . the claim or defense shall not be voluntarily withdrawn, dismissed, or compromised without approval of the court after notice and hearing." FLA.R.CIV.P. 1.220(e). Thus, Momberger, as an absent member of an uncertified class, would also lack standing to object to the compromise had the Civil Action remained pending in the State Trial Court.

absent class members, remains able to prosecute any claims he may choose to assert against DCC. Therefore, the Court strikes the Momberger Objection.

The Court must next determine whether the proposed compromise should be approved. The standard for evaluating a proposed compromise pursuant to Federal Rule of Bankruptcy Procedure 9019 is whether the compromise is in the best interest of the estate. See Wallis v. Justice Oaks II, Ltd., (In re Justice Oaks II, Ltd.), 898 F.2d 1544 (11th Cir. 1990). The Court finds that pursuant to the standards set forth in Wallis v. Justice Oaks II, Ltd., the compromise will benefit the Debtors' estate in that there are claims still to be paid in the bankruptcy estate. The Court further finds that the Trustee has appropriately analyzed the claims in the Civil Action and has exercised reasonable business judgment in deciding to accept the terms of the compromise. Finally, the Court notes that the Debtors have filed no objections to the compromise. Based on the foregoing, the compromise and settlement is approved. However, the Court finds that an assignment of the claims made in the Civil Action is unnecessary. The Trustee and DCC acknowledge that the money due and owing under the compromise and settlement has been fully paid. Accordingly, the Court dismisses with prejudice the claims made by Collins in the Civil Action, and, to the extent they could be deemed still pending, dismisses without prejudice the claims made by the putative class members.

**Motion for Remand**

On January 24, 2006, Ms. Collins filed her Motion for Remand (Adv. Doc. No. 10) and her brief in support of the Motion for Remand (Adv. Doc. No. 11), asserting that DCC is not and has never been a "creditor" in Ms. Collins's bankruptcy proceeding and

challenging this Court's jurisdiction to hear the Civil Action. DCC moved to strike the Motion for Remand, asserting that as soon as the Debtors filed for bankruptcy protection, all of their property, including Ms. Collins's interest in the Civil Action, became property of the bankruptcy estate.

Once a debtor files for Chapter 7 bankruptcy, it is the Chapter 7 trustee who has "capacity to sue and be sued." 28 U.S.C. § 323(b). "It is well settled that [upon the filing of a bankruptcy petition], the right to pursue causes of action formerly belonging to the debtor … vests in the trustee." Bauer v. Commerce Union Bank, Clarksville, Tennessee, 859 F.2d 438, 441 (6th Cir. 1988) (internal citations omitted). "The debtor has no standing to pursue such causes of action." Id. Moreover, once the property of a debtor passes to the trustee, the debtor is divested of "all right, title and interest" in such property, and "the debtor typically lacks any pecuniary interest in the chapter 7 trustee's disposition of that property." Spenlinhauer v. O'Donnell, 261 F.3d 113, 118 (1st Cir. 2001) (*citing* In re El San Juan Hotel, 809 F.2d 151, 154-55 (1st Cir. 1987); In re Cult Awareness Network, Inc. (Cult Awareness Network, Inc. v. Martino), 151 F.3d 605, 607 (7th Cir. 1998); In re Richman (Richman v. First Women's Bank), 104 F.3d 654, 657 (4th Cir. 1997)).

Because the claims made in the Civil Action are owned by the Trustee at the time Ms. Collins filed her Chapter 7 bankruptcy petition, Ms. Collins has no interest in the Civil Action and lacks standing to move for remand. The only party with standing to move to remand is the Trustee. The Trustee has not moved for remand or joined in the

remand motion filed by Ms. Collins. Accordingly, the Court grants the Motion to Strike Remand.

In seeking remand, Ms. Collins argued that this Court lacks subject matter jurisdiction. However, the Court finds that it has subject matter jurisdiction over the Civil Action because it is "related to" the Debtors' bankruptcy case. Under 28 U.S.C. § 1334(b), a matter is "related to" a bankruptcy case if the outcome could **conceivably** have any effect on the estate being administered. In re Wood, 825 F.2d 90 (5th Cir. 1987) (emphasis in original). If the outcome of the proceeding could alter the debtor's rights, liabilities, options or freedom of action in any way, this Court's exercise of jurisdiction is proper. See, e.g., City of Liberal, Kansas v. Trailmobile Corp., 316 B.R. 358 (D.C. Kan. 2004).

The Civil Action is "related to" the Debtors' bankruptcy because a favorable outcome therein would clearly alter the liabilities of Ms. Collins to her creditors and impact the handling of the bankruptcy estate. Thus, the outcome of the Civil Action could "conceivably" have an effect on the administration of the bankruptcy estate. As a result, this Court has subject matter jurisdiction to adjudicate the merits of the Civil Action.

For the reasons stated above, the Trustee's Motion for Approval of Compromise is granted; DaimlerChrysler Corporation's Motion to Strike Objection is granted; and DaimlerChrysler Corporation's Motion to Strike Remand is granted. The Court finds that it has jurisdiction over the Civil Action, and that the settlement entered into by the Trustee with DaimlerChrysler Corporation is fair and reasonable and in the best interest of the estate. The Civil Action is dismissed with prejudice as to Carolyn Collins and

without prejudice as to the putative class members. A separate order consistent with this memorandum opinion shall be entered.

DONE and ORDERED in Orlando, Florida, this 12th day of April, 2006

_____
KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies furnished to:

Counsel of record